**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00448-CR**
_____

**MICHAEL DUWON SESSION, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-10-11641-CR**

**MEMORANDUM OPINION**

Michael Duwon Session appeals his conviction for delivery of a controlled substance of more than four grams but less than 200 grams, a first degree felony, enhanced because of his habitual offender status. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2017); Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017). The trial court sentenced Session to serve a forty-year prison sentence. The attorney appointed to represent Session in his appeal filed an *Anders* brief, which

1

asserted that the attorney reviewed the trial proceedings, discussed the evidence adduced at trial, pointed out where in the record pertinent testimony may be found, discussed trial objections and rulings, and found no meritorious claims on which he could argue Session's conviction should be reversed.[1] Session filed a pro se brief.

When faced with an *Anders* brief, the appellate courts need not address the merits of the issues raised in a *pro se* response. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, the court of appeals may determine either (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[,]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

After our independent examination of the record in its entirety, the Anders brief, and the *pro se* brief, we agree that there is no reversible error and there are no arguable issues to support an appeal. *Id.* Accordingly, there is no need to appoint new counsel to re-brief Session's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of another counsel only if it is determined arguable grounds exist to support the appeal).

---

[1] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Since we have concluded no arguable grounds exist to support the appeal, the trial court's judgment is affirmed.[2]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 8, 2018
Opinion Delivered March 28, 2018
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

---

[2] Session may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.